UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED PENTECOSTAL CHURCH INTERNATIONAL, INC., ) ) ) Plaintiff, ) ) vs. ) ) JOHN DOE, ) ) Defendant. ) | Case No. 4:25-cv-00327-MTS |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff United Pentecostal Church International, Inc.'s Motion for Leave to Serve a Third-Party Subpoena. Doc. [5]. Plaintiff does not know the identity of Defendant, only Defendant's IP address. Hence the need for a third-party subpoena. The Court will grant the Motion. *See Cottrell v. Unknown Corr. Officers, 1-10*, 230 F.3d 1366 (9th Cir. 2000) (unpublished mem.) (recognizing that via Rule 26(d) and 45, a district court can allow service of a subpoena on a non-party for the limited purpose of discovering the identities of unknown parties); *Salmon v. Nutra Pharma Corp.*, 687 F. App'x 713, 715 (10th Cir. 2017) (noting district court permitted the plaintiff to serve subpoenas to ascertain identity of Doe defendants).

While Plaintiff's Motion here is well taken, Plaintiff faces a looming issue because it waited seventy-eight days to make this Motion; Plaintiff almost certainly will be unable to serve Defendant within the time required by Federal Rule of Civil Procedure 4(m). *See* Doc. [5-3] at 2 (providing for a subpoena response date of June 30, 2025). Plaintiff will need to identify and serve Defendant within Rule 4(m)'s required time. *See Williams*

*v. County of Los Angeles*, No. 23-55155, 2024 WL 2862587, at *2 (9th Cir. June 6, 2024) (unpublished mem.) (finding district court did not abuse its discretion in dismissing Doe defendants for plaintiff's failure to timely serve them); *Grant v. Adventist Health Sys. Sunbelt Health Care Corp.*, 1:09-cv-0079, 2009 WL 6315308, at *1 (W.D.N.C. July 28, 2009) (noting Rule 4(m) has no exception for service of John Doe defendants). Otherwise, Plaintiff must seek, and "show[ ] good cause" for, an extension of the deadline.  *See* Fed. R. Civ. P. 4(m); *see also Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) (explaining that "[a] showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules"); *Myers v. Amrut Fusion LLC*, 4:25-cv-0209-MTS, 2025 WL 1555357, at *2 (E.D. Mo. June 2, 2025) (recognizing that "good cause" typically requires a showing of diligence); *Halvorsen v. Quantum Fin. & Bus. Intel.*, 4:24-cv-1497-MTS, ECF No. 6 (E.D. Mo. Mar. 5, 2025) (finding conclusory representations that plaintiff "diligently attempted to serve" defendant did not show good cause).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference, Doc. [5], is **GRANTED** in that Plaintiff may immediately serve its proposed subpoena in Amended Exhibit C.  *See* Doc. [6].

Dated this 12th day of June 2025.

                                                                     _____
                                                                     MATTHEW T. SCHELP
                                                                     UNITED STATES DISTRICT JUDGE